**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**


KEITH F. HERVEY,                             )
        **Plaintiff,**                       )
                                             )
v.                                           )           **3:07-CV-1681-B**
                                             )           **ECF**
STYPE, et al.,                               )
        **Defendants.**                      )


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a personal injury action filed by a *pro se* litigant.

Parties:  Plaintiff resides in Forney, Texas.  Defendants are Stype, Wal-Mart, Christian

Numarer, and Ginger Edwards.

The Court has not issued process in this case, pending preliminary screening.  On

October 22, 2007, the Court issued a questionnaire to Plaintiff who filed his answers thereto on

October 25, 2007.

In answer to the questionnaire, Plaintiff states that he is seeking to sue Del Laboratories,

Inc., from Union Dale, New York, instead of Defendant "Stype."  (Answer to Question 4).  The

Clerk has modified the docket sheet to reflect Del Laboratories as a defendant.

Statement of Case:  The complaint, as supplemented by the answers to the questionnaire,

seeks to sue Defendants for an eye injury which Plaintiff endured as a result of using an over the

counter medication, purchased at a Wal-mart store, to cure a sty. Plaintiff seeks compensatory damages for the loss of eye sight in his right eye.

Findings and Conclusions: Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege federal subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988) (same).

The complaint does not allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff merely alleges a personal injury.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction because he and one of the defendants are citizens of the State, Texas. It is well-established that the diversity statute requires "complete diversity" of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806); *Mas v. Perry,* 489 F.2d 1396, 1398-99 (5th Cir. 1974)). In answer to the questionnaire, Plaintiff concedes that Christian Nummaer, an adjustor for Zurich Insurance, also resides in Texas. (Answer to Question 4).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED

for want of jurisdiction.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 30th day of October, 2007.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.